In re: *Luna v. Comcast of Tallahassee Inc.*, No. 4:11cv480

Dear Attorneys of Record:

Marie A. Mattox
Erika Esan Goodman
Alva L. Cross
Christine E. Howard

  I have been contacted by Judge Hinkle who presided over the referenced case.

  Judge Hinkle informed me that it has been brought to his attention that while he presided over the case his wife owned stock in Comcast Corporation valued at under $15,000. His ownership of stock neither affected nor impacted his decisions in the case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Hinkle directed that I notify the parties of the conflict.

  Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

  Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

  With Advisory Opinion 71 in mind, you are invited to respond to Judge Hinkle's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 23, 2021. Any response will be considered by another judge of this court without the participation of Judge Hinkle.

  This notice is provided to you as the attorneys of record for the parties. If you do not wish to act for your client on this matter, please provide the appropriate contact

information for your client so that I may communicate directly with that person.

        Sincerely,
        /s/ Jessica J. Lyublanovits
        Clerk of Court